IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WARDELL JACKSON, § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 4:13-cv-336 |
| § | Jury Demanded |
| HILL-ROM, INC, § | |
| Defendant. § | |

**PLAINTIFF, WARDELL JACKSON'S, ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Wardell Jackson, hereinafter called Plaintiff, complaining of and about Hill-Rom, Inc., hereinafter called Defendant, and for cause of action shows unto the Court the following:

**PARTIES AND SERVICE**

1.	Plaintiff Wardell Jackson, is a citizen of the United States and the State of Texas and resides in Harris County, Texas.

2.	Defendant may be served by serving CT CORP SYSTEM, its agent authorized to accept service at 350 N. Saint Paul St., Suite 2900, Dallas, TX 75201-4234.

**JURISDICTION AND VENUE**

3.	The court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 in that this action for discrimination and retaliation arises under federal law, the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq*.

4.	Venue is proper in the Southern District of Texas, Houston Division as

1

a substantial part of the events or omissions giving rise to this claim occurred in the Southern District of Texas.

## NATURE OF ACTION

5.   This is an action under Title 42 U.S.C. Section 12101 et. seq. to correct unlawful employment practices on the basis of disability.

## CONDITIONS PRECEDENT

6.   All conditions precedent to jurisdiction have occurred or been complied with:  a charge of discrimination was filed with the Equal Employment Opportunity Commission within three-hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.

## FACTS

7.   Mr. Jackson was hired as a Field Service Representative by Hill-Rom, Inc. on February 27, 2006.

8.   His job duties included delivery and removal of service products, repair of faulty equipment, in-servicing products to patients and customers, dispatching calls, maintaining the warehouse, ordering supplies, and handling homecare activities, which included repair, installation, delivery and removals.

9.   Mr. Jackson performed his job successfully for over two years until, in November of 2008, he was severely injured on the job, and subsequently taken off of active employment and placed on inactive status.

10.   In early 2010 Mr. Jackson was contacted by Hill-Rom, Inc. and asked to return to work. Mr. Jackson returned, but with certain restrictions: he could not lift over 25 lbs, and had to

avoid prolonged standing, turning, bending, and reaching, The essential functions of his job remained the same upon his return, except he could no longer deliver large, woundcare beds to customer facilities.

11. Approximately one year later, on March 10, 2011, Mr. Jackson was told he had to leave work, and could not return to work until he was medically cleared to return by the company's doctors at Concentra Company. He was promised that he was not being fired, and that he would be reinstated after being medically cleared.

12. Mr. Jackson complied with those instructions and after being medically cleared to return to work he began to contact his employer. He called, faxed and visited the Hill-Rom office on numerous occasions to seek reinstatement, but he has been consistently ignored.

13. Mr. Jackson's pleas for reinstatement continued through December of 2011, when he was informed by his treating physician that he was no longer being covered by his company's insurance plan. At that time, Mr. Jackson filed a charge of discrimination with the EEOC for failure to accommodate his disability. In retaliation for filing this charge, Hill-Rom terminated Mr. Jackson's employment.

## AMERICANS WITH DISABILITY ACT

14. Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of his disability.

15. Defendant intentionally discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment in violation of the ADA. The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee.

16. At all material times, Plaintiff was able to perform the essential functions of his

position with accommodation. Plaintiff has a disability, has a record of a disability and is regarding as having a disability which substantially limits at least one major life activity. Plaintiff was discriminated against on the basis of his disability, record of a disability and perception of having a disability.

17. Plaintiff alleges that Defendant, HILL-ROM, discriminated against Plaintiff on the basis of disability with malice or with reckless indifference to the protected rights of Plaintiff.

### RETALIATION BY HILL-ROM

18. Plaintiff alleges that Defendant HILL-ROM, instituted a campaign of retaliation which included termination of employment. This retaliation was and is due to Plaintiff exercising his rights by making a charge of disability discrimination to the EEOC. Plaintiff suffered damages for which Plaintiff herein sues.

### DAMAGES

19. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

    a. All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff;

    b. Back pay from the date that Plaintiff was denied work and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

    d. All reasonable and necessary costs incurred in pursuit of this suit;

    e. Emotional pain;

    f. Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

      g.      Interest;

      h.      Loss of earnings in the past; and

      i.      Loss of benefits.

## EXEMPLARY DAMAGES

20. Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff. In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages.

## SPECIFIC RELIEF

21. Plaintiff seeks the following specific relief which arises out of the actions and/or omissions of Defendant described hereinabove:

      a.      Rehire Plaintiff; and

      b.      Reinstate Plaintiff to the position and pay grade which Plaintiff held but for the unlawful employment actions of Defendant.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Wardell Jackson, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: <u>/s/ Justin Mueller</u>
Justin Mueller
Attorney-in-Charge
Texas Bar No. 24075768
Southern District Bar No: 1644011
7322 Southwest Freeway
Suite 1100
Houston, TX   77074
Tel. (337)356-2889
Fax. (281)891-3932
E-Mail: justin.mueller@jrmueller.com
Attorney for Plaintiff
Wardell Jackson

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**